UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLORENCE F. LITCHMORE-SMITH,[1]

    Plaintiff,

-against-

ALAN J. WAINTRAUB, ESQ. AS LAW
OFFICES OF ALAN J. WAINTRAUB PLLC
AND MONTROSE EQUITY PARTNERS
LLC, et al.,

    Defendants.

---

1:24-CV-4908 (JGK)

TRANSFER ORDER

JOHN G. KOELTL, United States District Judge:

The plaintiff, Florence F. Litchmore-Smith, of Brooklyn, Kings County, New York, brings this *pro se* action[2] allegedly under the court's federal-question jurisdiction, asserting claims of federal constitutional violations, as well as claims under state law.[3] The plaintiff names as defendants: (1) Alan J. Waintraub, Esq. "as [the] Law Offices of Alan J. Waintraub PLLC and Montrose Equity Partners LLC"; (2) Lester Wayne Mackey, whom Plaintiff describes as a disbarred attorney; (3) Bijan Nassi; (4) Damion Mills; (5) Shay Krausz "as SHK Sales"; (6) Bradley Marsh "as Jemcap Funding LLC;" and (7) Peter Marsh "as Jemcap Funding LLC." The plaintiff's claims arise from a dispute regarding her ownership interests in two real properties

---

[1] The complaint lists Florence F. Litchmore-Smith and Florence F. Smith as plaintiffs in this action. Because only Florence F. Litchmore-Smith has signed the complaint, the Court understands that she is the only plaintiff in this action. The Court will, therefore, refer to only her as the "plaintiff" in this order. The plaintiff has paid the fees to bring this action.

[2] The plaintiff filed an order to show cause for a preliminary injunction and temporary restraining order ("order to show cause") (ECF 2) with her complaint.

[3] Because the plaintiff has included the complete financial account numbers of some of the defendants in attachments to her complaint, the Court has directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis. *See* Fed. R. Civ. P. 5.2(a)(4) (requiring court documents to include only the last four digits of a financial account number).

located in Brooklyn, Kings County, New York, and the legal proceedings associated with those properties that have taken place in the New York State Supreme Court, Kings County. The Court construes the plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The appropriate venue provision for the plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

While the plaintiff alleges where many of the defendants' business locations may be found, she does not allege where any of the defendants reside. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). The plaintiff does allege, however, that the events that are the bases for her claims occurred in Great Neck, Nassau County, New York, and in Monsey, Rockland County, New York. She also alleges that the real properties at issue are located in Brooklyn, Kings County, New York, and that many of the events that are

the bases for this action occurred in proceedings in the New York State Supreme Court, Kings County, also located in Brooklyn.

Because the plaintiff alleges that at least some of the events that are the bases for her claims occurred in Rockland County, within this judicial district, *see* 28 U.S.C. § 112(b), it is possible that this court is a proper venue for this action under Section 1391(b)(2). In addition, because the plaintiff alleges that the real properties at issue are located in Kings County, and that a significant portion of the alleged events occurred in Kings County, within the Eastern District of New York, *see* § 112(c), the United States District Court for the Eastern District of New York is clearly a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer is appropriate for this action. The plaintiff is a resident of Kings County in the Eastern District of New York. The properties at issue are located, and a

significant portion of the alleged events that are the bases for the plaintiff's claims occurred, in Kings County, within the Eastern District of New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether the restriction on electronic access to the plaintiff's complaint should be lifted, and whether the plaintiff should be granted the relief sought in her order to show cause (ECF 2), are determinations to be made by the transferee court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:
  New York, New York
  July 2, 2024

_____
JOHN G. KOELTL
United States District Judge

4